UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v. Criminal No. 3:25cr79-CWR-ASH

CORNELIUS ELLIS

---

**RESPONSE OF UNITED STATES TO MOTION TO DISMISS**

---

The United States of America, by and through the Office of the United States Attorney, hereby respectfully requests that this Honorable Court enter an order denying the Defendant's Motion to Dismiss the Indictment [ECF # 29], which motion is based on several claims:

- Ellis acknowledges that his facial challenge to Title 18, United States Code, Section 922(g)(1), is foreclosed based on the Fifth Circuit's opinion in *Diaz*. ECF # 29 at 6 (citing *United States v. Diaz*, 116 F.4th 458, 472 (5th Cir. 2024)).

- Ellis also recognizes that his Commerce Clause claim is foreclosed by circuit authority. ECF # 29 at 18. See *United States v. Rawls*, 85 F.3d 240, 243 (5th Cir. 1996). *See United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013)

- The Government maintains that Defendant's as-applied, Equal Protection, and Due Process claims are also foreclosed by circuit precedent. This response will primarily focus on Defendant's as-applied and vagueness challenges to Section 922(g)(1). *United States v. Clark*, No. 24-60531 (5th Cir. Aug. 21, 2025). *United States v. Branson*, No. 24-60417 (5th Cir. June 4, 2025).

## Legal Standard

A party may raise by pretrial motion "any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). That includes a motion

to dismiss for "a defect in the indictment." *Id.* 12(b)(3)(B). Dismissing an indictment is an "extraordinary and unusual relief" as it "encroaches upon the fundamental role of the grand jury." *United States v. Cage*, 2022 WL 17254319, at *1 (S.D. Miss. 2022) (citing *United States v. Cockerham*, 2022 WL 4229314, at *1 (S.D. Miss. 2022)). The propriety of such a motion turns on whether the defect involves a question of law or fact. *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011). If it involves a question of law, the Court may consider the motion pretrial. *Id.*

## Factual Summary

Cornelius Ellis was charged in a single-count indictment for being a felon in possession of a firearm under Title 18, United States Code, Sections 922(g)(1) and 924(a)(8). The charged conduct stems from Ellis's arrest in Jackson, Mississippi on September 13, 2024 following a traffic stop where Ellis was found to be in possession of a Jimenez 9mm pistol. [Exhibit 1]. Prior to the charged conduct, Ellis had previously been convicted of state felony offenses in Mississippi for aggravated assault using a firearm in 2015 and for possession of cocaine in 2009. [Exhibit 2]. Ellis served an eight-year sentence in the Mississippi Department of Corrections for aggravated assault using a firearm under Mississippi Code Annotated 97-3-§7(2)(b) for purposely or knowingly shooting another human being with means likely to produce death or serious bodily harm, a .38 caliber revolver. [Exhibit 2].

## I. Defendant's as-applied challenge to 18 U.S.C. 922(g)(1) is foreclosed by his qualifying conviction for aggravated assault with a firearm.

This Court should reject Defendant's as-applied challenge because Ellis's predicate felony, aggravated assault with a firearm, is foreclosed by circuit precedent as a "violent felony" involving the "misuse of a firearm." *United States v. Clark*, No. 24-60531 (5th Cir. Aug. 21, 2025) (denying Defendant's as-applied challenge for aggravated assault with a

firearm). The Fifth Circuit has consistently held that felons who commit violent offenses or have violent criminal histories may be disarmed under Title 18 U.S.C. § 922(g)(1) consistent with the history and tradition of the Second Amendment and *Bruen*. *See generally United States v. Schnur*, 132 F.4th 863 (5th Cir. 2025); *United States v. Bullock*, 123 F.4th 183 (5th Cir. 2024), cert denied, 607 U.S. ___ (Oct. 6, 2025). Predicate convictions of aggravated assault by firearm have sufficient Founding-era analogues to qualify for disarmament already addressed by Fifth Circuit precedents in *Diaz, Schnur,* and *Clark*. *Diaz* and *Schnur* establish two categories of convictions with sufficient Founding-era analogues for disarmament including theft-based offenses in *Diaz* and violent offenses in *Schnur*.

Given this Defendant's history of violence with firearms[1], the felon firearm prohibition in § 922(g)(1) is constitutional as applied to him, whose dangerous conduct would have been met with harsh punishment during the Founding era that would have stripped him of his right to possess a firearm. The Fifth Circuit in *Clark* has already made the same analysis with respect to a predicate felony for aggravated assault using a firearm in Louisiana. However, the analysis for disarmament and rationale outlined in cases like *Schnur* are even stronger when considering Defendant's conduct because it involves intentionally shooting another human being with means likely to cause death or substantial bodily harm with the firearm rather than merely "negligently discharging a firearm" as alleged in *Clark* in an attempt to distinguish that Defendant's conduct from *Bullock*. Indeed, Ellis's violent criminal history is more akin to the history of violent convictions recognized in *Bullock*, a defendant who also had an aggravated assault conviction (in addition to a manslaughter conviction). *United States v. Bullock*, 123

[1] The Defendant also has a conviction for possession of cocaine, a dangerous drug in 2009 sufficient to disarm him under 18 U.S.C. § 922(g)(1). However, the Court is not required to reach that analysis given the conviction for aggravated assault with a firearm.

F.4th 183 (5th Cir. 2024), cert denied, 607 U.S. ___ (Oct. 6, 2025).

A ban on a defendant who previously misused a firearm in an attempt to harm another fits easily within our Nation's historical tradition of firearm regulation. *United States v. Isaac* No. 24-501112 (5th Cir. 2024)(citing *United States v. Rahimi*, 602 U.S. 680 (2024). The "going armed laws" remain sufficiently analogous to justify categorical disarmament here.

Dangerousness has long been a crucial factor in disarming citizens. *See United States v. Schnur*, 132 F.4th 863, 870 (5th Cir. 2025) ("'history reveals that legislatures may disarm groups of people, like felons, whom the legislature believes to be dangerous'") (quoting *United States v. Williams*, 113 F.4th 637, 663 (6th Cir. 2024)). "Historical evidence demonstrates that early English kings and Parliament alike disarmed individuals they deemed dangerous. An examination of colonial history next reveals that residents of the New World carried on this tradition." *Williams*, 113 F.4th at 650. In our early era, it was "usually the local justice of the peace" who was called upon "to make the dangerousness determination." *Id*. at 657.

As the Supreme Court has explained, the Government need only "identify a well-established and representative analogue, not a historical twin." *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 30 (2022).

The Founding generation's severe response to such conduct deprived violators of their access to firearms, often permanently in the case of those whose crime was treated as a capital offense. *United States v. Diaz*, 116 F.4th 458, 469 (5th Cir. 2024) ("if capital punishment was permissible to respond to theft, then the lesser restriction of permanent disarmament that § 922(g)(1) imposes is also permissible. It is the historic availability of capital punishment for crimes such Ellis was convicted of that is determinative, even if such a severe penalty may not have been imposed uniformly in the Founding era. *Diaz*, 116 F.4th at 469 n.3. As with 18 U.S.C.

§ 922(g)(1), these laws had the purpose of deterring and punishing offenders (the "why") and they "achieved their goals by permanently punishing offenders, as does § 922(g)(1)," thereby demonstrating the "how" of such penalties. *Diaz*, 116 F.4th at 469. Upholding the statute's prohibition on owning a firearm to this Defendant previously convicted of violent crime is consistent with the application of reasonable, congressionally enacted constraints on the right to keep and bear arms.

## II. Defendant's vagueness claim lacks merit under circuit precedent.

The Defendant's claim is not a proper vagueness challenge because the claim does not allege ambiguity in the text of the statute. *United States v. Gray*, 96 F.3d 769, 776 (5th Cir. 1999). Instead, Ellis principally relies on the suggestion in *Diaz* that not every felony is a sufficient predicate for the purpose of satisfying Section 922(g)(1)'s constitutional requirements. Provided the text of the statute is clear on what conduct is prohibited to an "ordinary person," a Defendant may not use case law as an end around to the statute's straightforward application.

Vagueness challenges were recently addressed in *United States v. Branson*, No. 24-60417, 2025 U.S. App. LEXIS 13682, at *4 (5th Cir. June 4, 2025). In arguing that 18 U.S.C. § 922(g)(1) is unconstitutionally vague, *Branson* rejected the claim from Burns that *Diaz* "spawned" ambiguity in the statute, holding that Section 922(g)(1) survives vagueness review and that such as challenge was inappropriate in light of the circuit's treatment of the doctrine in *Gray*.

When Ellis possessed the firearm charged in the indictment, he had sufficient notice that it was then unlawful for "***any*** person . . . convicted in ***any*** court of, a crime punishable by

imprisonment for a term exceeding one year," to possess a firearm. 18 U.S.C. § 922(g)(1) (emphasis added). He served years of imprisonment, as well as a term of probation. Section 922(g)(1) is sufficiently defined so "ordinary people" can readily "understand what conduct is prohibited," as the Supreme Court requires. *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). Because there was nothing vague about conviction for a felony as a bar to possession of a firearm at the time of Defendant's conduct, his motion to dismiss should be denied.

Finally, Defendant does not cite a controlling instance of applying the overbreadth doctrine to the Second Amendment right. It is simply inapplicable in this context and an improper end-around a foreclosed facial challenge to the statute.

**III. Defendant's other claims are foreclosed.**

As noted, Ellis acknowledges that his facial challenge to 18 U.S.C. § 922(g)(1) is foreclosed based on the Fifth Circuit's opinion in *Diaz*. The same is true for Defendant's Commerce Clause and Equal Protection Clause claims, which are also foreclosed by circuit authority. *See Alcantar*, 733 F.3d at 145-46 (Commerce Clause argument foreclosed); *Branson*, 2025 WL 1571826, at *2 (Due Process claim). *Darrington* has not been rendered obsolete. *United States v. Howard*, No. 24-40033, 2024 WL 4449866, at *2 (5th Cir. Oct. 9, 2024)(per curiam), cert denied, 145 S. Ct. 1210 (2025)(citing *Darrington*, 351 F3d at 635). Ellis has preserved these claims for further review but they need not be addressed now given the current state of the law. *United States v. Branson*, No. 24-60417 (5th Cir. June 4, 2025).

Prior to his disarmament, Ellis was afforded many of his constitutional protections including trial by a jury and cites no authority that the jury trial right is insufficient under the Due Process Clause.

## Conclusion

Defendant's motion to dismiss the indictment should be denied.

Respectfully submitted October 10, 2025.

PATRICK A. LEMON
*Acting United States Attorney*

By: C. BRETT GRANTHAM
MS BAR #105201
Assistant United States Attorney
501 East Court Street, Suite 4.430
Jackson, Mississippi 39201
Telephone: (601) 965-4480
Fax: (601) 965-5042
United States Attorney's Office

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I have this day filed the foregoing with the Clerk of the Court using the electronic filing system, ("ECF"), which sent notification to all parties of record.

*/s/ C. Brett Grantham*__
Assistant United States Attorney